[Cite as *State v. Scott*, 2011-Ohio-6255.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 91890

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH SCOTT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-505742

BEFORE: S. Gallagher, J., Kilbane, A.J., and Blackmon, J.

RELEASED AND JOURNALIZED: December 8, 2011

ATTORNEYS FOR APPELLANT

Robert Tobik
Chief Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, Ohio 44113

**Also listed:**

Joseph Scott, pro se
Inmate No. 551-565
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Pinkey S. Carr
        Diane Smilanick
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

**{¶ 1}** This appeal is before this court on remand from the Ohio Supreme Court for application of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, and *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816. *State v. Scott*, __ Ohio St.3d __, 2011-Ohio-5343, __ N.E.2d __.

**{¶ 2}** In *State v. Scott*, Cuyahoga App. No. 91890, 2010-Ohio-3057, this court affirmed Scott's convictions of gross sexual imposition and attempted rape. The Ohio Supreme Court accepted review on propositions of law VII ("Gross sexual imposition against a child under 13 is not a strict liability offense. The act of sexual contact must be recklessly performed.") and IX ("The Adam Walsh Act does not apply to persons whose offenses were committed prior to the AWA's effective date"). The Ohio Supreme Court has remanded the case to this court for application of the *Williams* and *Dunlap* decisions.

**{¶ 3}** In *Williams*, the court held as follows: "S.B. 10, as applied to defendants who committed sex offenses *prior to its enactment*, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." (Emphasis added.) Id. at ¶ 20. S.B. 10,

a.k.a. the Adam Walsh Act ("the AWA"), was enacted on June 27, 2007, and made effective on January 1, 2008.

**{¶ 4}** Here, the subject offenses took place during the date range of July 1, 2007 through August 31, 2007. Scott argues that he cannot be classified as a sex offender because his offenses occurred between the repeal of Ohio's Megan's Law and the effective date of the AWA, thereby evading Ohio's sexual registration laws. We disagree.

**{¶ 5}** Consistent with the holding in *Williams*, we find Scott's classification under the AWA was constitutional because the offenses took place after the "enactment" of S.B. 10 in June 2007. Therefore, we uphold his sex-offender classification under the AWA.

**{¶ 6}** In *Dunlap*, the court addressed the mens rea element of gross sexual imposition involving victims under 13 years of age. The court held that "the applicable mens rea of sexual contact, as defined in R.C. 2907.01(B), is purpose." Id. at ¶ 26. The court recognized its holding in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 45, that "'when the indictment fails to charge the mens rea of the crime, but tracks the language of the criminal statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective.'" Id. at ¶ 17. The court found that "Dunlap's indictment tracked the language of R.C. 2907.05(A)(4), so, pursuant to *Horner*, even if

the indictment failed to charge a mens rea, it was not defective." Id. Because the indictment was not defective and the jury was properly instructed on the element of sexual contact as set forth in R.C. 2907.01(B), the court found the trial court did not err. Id. at ¶ 27. A review of the indictment on Count 16 for gross sexual imposition reflects that it tracked the language of R.C. 2907.05(A)(4). Further, the jury was instructed on the element of sexual contact and provided the definition set forth in R.C. 2907.01(B). Consistent with *Dunlap*, we find the indictment herein was not defective, the jury was properly instructed, and the trial court did not err.

{¶ 7} Consistent with our decision herein, we modify our prior opinion. The judgment of the trial court remains affirmed.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR