IN RE BRUCE S.

[Cite as *In re Bruce S.,* 134 Ohio St.3d 477, 2012-Ohio-5696.]

*Sex-offender registration—Senate Bill 10—Effective date versus enactment date— S.B. 10's classification, registration, and community-notification requirements cannot be constitutionally applied to a sex offender whose offense occurred between July 1, 2007, and January 1, 2008—Judgment affirmed.*

(No. 2012-0059—Submitted September 12, 2012—Decided December 6, 2012.)

CERTIFIED by the Court of Appeals for Hamilton County,

No. C-110042, 2011-Ohio-6634.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we answer a question certified, sua sponte, by the First District Court of Appeals: "May Senate Bill 10's classification, registration, and community-notification provisions be constitutionally applied to a sex offender who had committed his sex offense between the July 1, 2007, repeal of Megan's Law and the January 1, 2008, effective date of Senate Bill 10's classification, registration, and community-notification provisions?" For the reasons that follow, we answer the question in the negative, as did the First District.

**RELEVANT BACKGROUND**

{¶ 2} Appellee, Bruce S., committed an act on September 1, 2007, that, if committed by an adult, would constitute rape. On November 25, 2008, he was adjudicated delinquent, and the juvenile court, applying Am.Sub.S.B. No. 10 ("S.B. 10"), classified him as a Tier III (the most serious) sex offender, subject to community-notification requirements.

**{¶ 3}** He appealed his classification, and the First District Court of Appeals reversed. *In re Bruce S.,* 1st Dist. No. C-081300 (Dec. 16, 2009). It held that the juvenile court committed reversible error by failing to use its discretion to classify Bruce S. as a Tier I, Tier II, or Tier III sex offender. Accordingly, it vacated the classification and remanded the case to the juvenile court to conduct a new classification hearing.

**{¶ 4}** On remand, the juvenile court magistrate held a classification hearing on May 19, 2010. The magistrate again classified Bruce S. as a Tier III sex offender. The juvenile court judge overruled Bruce's objections on December 20, 2010.

**{¶ 5}** Bruce S. appealed his classification, asserting that he should not be classified as a Tier III sex offender under S.B. 10 because he committed his offense before the effective date of the applicable part of that statute. The First District Court of Appeals agreed that the juvenile court had erred in applying S.B. 10 to him and reversed. *In re Bruce S.*, Hamilton App. No. C-110042, 2011-Ohio-6634, ¶ 6. But noting that its analysis was in conflict with the analysis of the Eighth District Court of Appeals, the First District certified the question to us. *Id.* at ¶ 8. Upon review, we agreed that the question was properly before us and ordered briefing. *In re Bruce S.*, 131 Ohio St.3d 1482, 2012-Ohio-1143, 963 N.Ed.2d 823. We now resolve the conflict.

## ANALYSIS

**{¶ 6}** In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, this court held, at syllabus: "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams* noted, in passing, that S.B. 10 "was enacted in 2007, and is based on the federal Adam Walsh Act, Section 16901 et seq., Title 42, U.S. Code." Id. at ¶ 7. But it never addressed the discrete issue

presented here, i.e., whether an individual who committed a sex offense after S.B. 10's enactment date[1] (June 27, 2007) but before the date on which S.B. 10's registration, classification and community-notification provisions became effective (January 1, 2008) is subject to S.B. 10's provisions, or whether he is subject to the provisions of the predecessor statute, Megan's Law, under which sex-offender registration requirements were less severe. *Id*. at ¶ 16-20.

**{¶ 7}** In considering that question, we are presented with two reasonable answers. The First District in this case held that the critical date was January 1, 2008. *In re Bruce S.*, 2011-Ohio-6634, ¶ 5. But the Eighth District, in *State v. Scott*, 8th Dist. No. 91890, 2011-Ohio-6255, ¶ 5, summarily held that S.B. 10's enactment date of June 27, 2007, controls. We adopt the reasoning of the First District, which applied *Cox v. Ohio Dept. of Transp.*, 67 Ohio St.2d 501, 508, 424 N.E.2d 597 (1981).

**{¶ 8}** In *Cox*, this court adopted a "well-stated" rule proffered by the Legislative Service Commission and held:

"Where an act of the General Assembly amends an existing section of the Revised Code * * *, postpones the effective date of the amended section for one year after the effective date of the act, and repeals the 'existing' section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of

---

1. In this appeal, the state asserts that the enactment date is June 30, 2007, i.e., the date that the governor signed the bill. In the conflict case, *State v. Scott*, Cuyahoga App. No. 91890, 2011-Ohio-6255, the court treated June 27, 2007, the date on which the bill was passed, as its enactment date. For purposes of this appeal, it is not necessary to resolve whether the enactment date is June 27 or June 30, 2007. We shall use the state's date, June 27, 2007, which is consistent with our prior opinion in *Williams*.

the amended section in order to prevent a hiatus in the statutory law, during which neither the repealed section nor the amended section is in effect."

(Footnote omitted.)  *Cox* at 508, quoting the Legislative Service Commission.

{¶ 9} *Cox* reflects prudential principles that should be applied in all cases in which the General Assembly amends a statute and then repeals the pre-amendment version of the statute.  In its arguments here, the state ignores *Cox.* The state asserts that S.B. 10 was an emergency law that necessarily became effective immediately.  But while the state argues that S.B. 10 became effective immediately upon the governor's signature, it also concedes that "the enormity of this legislation required a period of transition to the new statutory scheme."  We think that S.B. 10 presents exactly the situation that *Cox* was designed to control: to prevent a hiatus during the period in which the legislature amends a statute but directs that the amendments take place in the future, and orders the repeal of the preamendment version of the statute after amendment.

{¶ 10} *Cox* remains an accurate statement of Ohio law and controls here. The rule in *Cox* was suggested by the Legislative Service Commission, *see Cox* at 508, which we recognize plays a vital role in assisting the General Assembly in drafting legislation.  *See* http://www.lsc.state.oh.us/about/default.htm.

{¶ 11} Moreover, we presume that if the General Assembly disagreed with the rule set forth in *Cox*, it would have responded to it at some point in the past 30 years.  *See State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 22, citing *Clark v. Scarpelli*, 91 Ohio St.3d 271, 278, 744 N.E.2d 719 (2001), citing *State ex rel. Huron Cty. Bd. of Edn. v. Howard*, 167 Ohio St. 93, 96, 146 N.E.2d 604 (1957) ("It is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment").  After all, "the General Assembly has shown no hesitation in acting

4

promptly when it disagrees with appellate rulings involving statutory construction and interpretation." *Id*. at ¶ 23, citing *Shay v. Shay*, 113 Ohio St.3d 172, 2007-Ohio-1384, 863 N.E.2d 591, ¶ 25.  It has not done so.

**{¶ 12}** We thus adopt the First District's analysis and judgment and hold that Senate Bill 10's classification, registration, and community-notification provisions cannot be constitutionally applied to a sex offender who committed his sex offense between July 1, 2007, and December 31, 2007, the last day before January 1, 2008, the effective date of S.B. 10's classification, registration, and community-notification provisions.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellant, the state of Ohio.

Timothy Young, Ohio Public Defender, and Amanda S. Powell, Assistant Public Defender, for appellee, Bruce S.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, urging reversal on behalf of amicus curiae, Ohio Prosecuting Attorneys Association.

_____