[Cite as *State v. Washington*, 2013-Ohio-797.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-120583
                                                   TRIAL NO. B-1202341
          Plaintiff-Appellee,           :

     vs.                                :
                                                    *O P I N I O N.*
RONALD WASHINGTON,                      :

          Defendant-Appellant.          :



Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 8, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian T. Goldberg*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Defendant-appellant Ronald Washington appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to three years in the department of corrections for failing to provide notice of an address change, a first-degree felony.  Because Washington was originally classified as a sexually-oriented offender under former R.C. Chapter 2950 ("Megan's Law"), the conviction for and penalty imposed on Washington's failure-to-notify offense must be that in place just before the effective date of Am.Sub.S.B. No. 10 ("Senate Bill 10"), pursuant to *State v. Howard*, ___Ohio St.3d___, 2012-Ohio-5738, ___N.E.2d___.  Therefore, we reverse the trial court's judgment and remand the case for resentencing as a third-degree felony in accordance with this opinion.

{¶2}    The facts underlying this appeal are not contested.  In April 2000, Washington was convicted of rape, a first-degree felony.  At the time of Washington's conviction for rape, the trial court held a sexual-offender classification hearing and determined that Washington was a sexually-oriented offender, which required him to notify the sheriff of any change of address.  *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II.  At the time of his classification hearing, a failure-to-notify offense was a fifth-degree felony.  *See* former R.C. 2950.99, 146 Ohio Laws, Part II, 2634.

{¶3}    In 2003, the General Assembly enacted Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV ("Senate Bill 5").  Senate Bill 5 increased the penalty for a failure-to-notify offense under former R.C. 2950.05, so that an offender who had committed a first-, second-, or third-degree underlying offense would be convicted of a third-degree felony for failing to notify.  In 2007, the General Assembly enacted Senate Bill 10 to implement the federal Adam Walsh Act, which repealed Megan's Law.  Former

2950.99 was amended, so that a violation of a reporting requirement under the current version of R.C. 2950.99 is the same degree of offense as the offender's most serious sex offense.

{¶4}   On August 9, 2012, Washington pleaded no contest to violating R.C. 2950.05(F)(1) for failing to provide notice of his change of address to the sheriff—a felony of the first degree under the current version of R.C. 2950.99 because Washington's underlying sex offense was a first-degree felony.   The trial court sentenced Washington to three years in prison, the statutory mandatory minimum. Washington now appeals from his conviction.

{¶5}   In his sole assignment of error, Washington argues that the current version of R.C. 2950.99 cannot be constitutionally applied to him because he was originally classified under Megan's Law in 2000.  The Ohio Supreme Court recently decided this issue in *Howard*, __Ohio St.3d__, 2012-Ohio-5738, __N.E.2d__.  The Supreme Court held in *Howard* that an offender who was classified under Megan's Law, and who violates the reporting requirements of former R.C. 2950.05 after Megan's Law was replaced under Senate Bill 10 by the Adam Walsh Act, can only be subject to the penalty as expressed in the version of R.C. 2950.99 in place just before the effective date of the Adam Walsh Act—meaning the version of R.C. 2950.99 as amended by Senate Bill 5.  *Id.* at ¶ 29.

{¶6}   Washington was convicted and penalized in accordance with the current version of R.C. 2590.99 for a first-degree felony.  Applying *Howard*, Washington must be convicted and sentenced in accordance with the version of R.C. 2950.99 in place just before the effective date of the Adam Walsh Act, which is a third-degree felony under Senate Bill 5.   Therefore, we sustain Washington's

assignment of error. We remand the case with instructions for the trial court to vacate Washington's first-degree felony conviction, to enter a finding of guilt for a third-degree felony, and to resentence Washington in accordance with a third-degree felony offense.

**Judgment reversed and cause remanded.**

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.