[Cite as *State v. Schaffhauser*, 2013-Ohio-1011.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00078 |
|  | : |  |
|  | : |  |
| RICHARD SCHAFFHAUSER | : | O P I N I O N |
|  | : |  |
| Defendant-Appellant | : |  |

CHARACTER OF PROCEEDING: Criminal Appeal from Stark County
Court of Common Pleas Case No.
2007 CR 1772

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: March 18, 2013

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                          RICHARD SCHAFFHAUSER
Prosecuting Attorney                          Inmate No. A604-038
Stark County, Ohio                          Belmont Correctional Institution
                                                           P.O. Box 540
BY: KATHLEEN O. TATARSKY          St. Clairsville, Ohio  43950
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Farmer, J.*

{¶1} Defendant-appellant, Richard Schaffhauser, appeals from the March 23, 2012, Judgment Entry of the Stark County Court of Common Pleas granting plaintiff-appellee State of Ohio's Motion to Dismiss his Petition to Contest Reclassification.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 5, 2007, the Stark County Grand Jury indicted appellant on one count of sexual battery in violation of R.C. 2907.03(A)(1), a felony of the third degree, and one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. At his arraignment on December 7, 2007, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on March 3, 2008, appellant withdrew his former not guilty plea and entered a plea of guilty to an amended charge of gross sexual imposition in violation of R.C. 2907.05(A), a felony of the fourth degree, and to assault. Pursuant to a Judgment Entry filed on March 7, 2008, appellant was sentenced to an aggregate sentence of fourteen (14) months in prison. The trial court also designated appellant a Tier I Sex Offender.

{¶4} On January 19, 2012, appellant filed a Petition to Contest Reclassification pursuant to R.C. 2950.031(E) and 2950.032(E). In response, appellee, on January 30, 2012, filed a Motion to Dismiss appellant's petition. As memorialized in a Judgment Entry filed on March 23, 2012, the trial court granted such motion and dismissed appellant's petition.

{¶5} Appellant has not set forth any assignments of error. However, it appears that appellant is arguing that the trial court erred in classifying him as a Tier I offender

under the Adam Walsh Act. Appellant specifically appears to argue that the Adam Walsh Child Protection Safety Act ("AWA"), as enacted by the Ohio General Assembly in Am.Sub. S.B. No. 10 and effective January 1, 2008, may not be applied retroactively to him.

**{¶6}** In *State v. Williams,* 129 Ohio St.3d 344, 2011–Ohio–3374, 952 N.E.2d 1108, the Ohio Supreme Court held in the syllabus that, "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." The defendant in *Williams* committed the sexually oriented offenses before the effective date of S.B. 10. He was designated a Tier II sex offender by the trial court after the effective date of S.B. 10. *Williams* at ¶ 1–2. The Ohio Supreme Court held that application to S.B. 10 to him was unconstitutional.

**{¶7}** However, the Ohio Supreme Court, in *Williams*, never addressed whether an individual who committed a sex offense after S.B. 10's June 27, 2007 "enactment" date but before the date on which S.B. 10's registration, classification and community-notification provisions became effective (January 1, 2008) was subject to S.B. 10's provisions, or whether he or she is subject to the provisions of the predecessor statute, Megan's Law.

**{¶8}** Recently, In *In re Bruce S.*, --N.E.2d--, 2012-Ohio-5696, the Ohio Supreme Court held, in relevant part, as follows: "We … hold that Senate Bill 10's classification, registration, and community-notification provisions cannot be constitutionally applied to a sex offender who committed his sex offense between July 1, 2007, and December 31, 2007, the last day before January 1, 2008, the effective date

of S.B. 10's classification, registration, and community-notification provisions." Id. at ¶ 12.

{¶9} In the case sub judice, appellant allegedly committed his offenses in October of 2007. Because appellant committed his offenses after S.B. 10's enactment date (June 27, 2007) but before its effective date of January 1, 2008, the trial court erred in applying S.B. 10 to him.

{¶10} Appellant's sole assignment of error is, therefore, sustained.

{¶11} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Farmer, J.

Hoffman, P.J. and

Wise, J. concur

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES

SGF/d0304

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                  :

                                 :

          Plaintiff-Appellee     :

                                 :

-vs-                         :         JUDGMENT ENTRY

                                 :

RICHARD SCHAFFHAUSER    :

                                 :

          Defendant-Appellant  :        CASE NO. 2012CA00078

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES