[Cite as *State v. Tye*, 2013-Ohio-1571.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-120562
                                           TRIAL NO.  B-1201674
　　　　Plaintiff-Appellee,        :

 vs.                             :        *O P I N I O N.*

KEITH TYE,                        :

　　　　Defendant-Appellant.       :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause  Remanded

Date of Judgment Entry on Appeal:  April 19, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William Gallagher*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}   Keith Tye was convicted of failure to provide notice of a change of address in violation of R.C. 2950.05, a first-degree felony.   Shortly after he was sentenced, the Ohio Supreme Court issued its decision in *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 316, which made clear that Mr. Tye should only have been found guilty of a third-degree felony.   Accordingly, we reverse, and remand this cause to the trial court.

{¶2}   In October 1990, Mr. Tye was convicted of rape, a first-degree felony, and sentenced to prison.   While he was incarcerated, he was classified as a sexual predator pursuant to Ohio's Megan's Law.   In 2007, the Ohio General Assembly repealed Megan's law and replaced it with Ohio's version of the federal Adam Walsh Act ("AWA"), R.C. Chapter 2950.   One effect of the AWA on someone in Mr. Tye's position was to increase the penalty for failure to provide notice of a change of address from a third-degree felony to a first-degree felony.   In March 2012, Mr. Tye was, in fact, indicted for a first-degree felony for failing to provide notice of a change of address.   He entered a guilty plea and the trial court sentenced him to four years in prison.

{¶3}   In December 2012, while Mr. Tye's appeal was pending, the Ohio Supreme Court released its opinion in *Howard*.   The Supreme Court acknowledged that following its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, "Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offenses." *Howard* at ¶ 17. "Pursuant to *Bodyke*, the classifications and community-notification and registration orders imposed by judges before the Adam Walsh Act ("AWA") were reinstated." *Id.* at ¶ 6.   For "a defendant whose sex-offender classification was

determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the AWA is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the AWA." *Id.* at ¶ 21.

{¶4}   Thus, Mr. Tye should not have been convicted and sentenced under the current version of R.C. 2950.05 and R.C. 2950.99, but instead under the scheme in place immediately before the AWA went into effect.  *Id.* at ¶ 29; *accord State v. Washington*, 1st Dist. No. C-120583, 2013-Ohio-797, ¶ 5-6.  We sustain Mr. Tye's sole assignment of error, reverse the trial court's judgment, and remand the case with instructions for the trial court to vacate his first-degree felony conviction, to enter a finding of guilt for a third-degree felony, and to resentence him accordingly.

Judgment reversed and cause remanded.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.