[Cite as *State v. Monk*, 2013-Ohio-2582.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DENISE N. MONK | : | Case No. 12CA18 |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Knox County Court of
                                Common Pleas, Case No. 12CR02-
                                0018



JUDGMENT:                       AFFIRMED




DATE OF JUDGMENT ENTRY:         June 14, 2013




APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:
JOHN C. THATCHER                      JEFFERY M. BLOSSER
KNOX CO. PROSECUTOR                   901 South High St.
AARON ALLARD                          Columbus, OH 43206
117 E. High St., Suite 234
Mount Vernon, OH 43050

*Delaney, J.*

{¶1}  Appellant State of Ohio appeals from the August 14, 2012 judgment entry of the Knox County Court of Common Pleas granting appellee Denise N. Monk's motion to dismiss her indictment upon one count of failure to provide change of address pursuant to R.C. 2950.05, a felony of the first degree.

## FACTS AND PROCEDURAL HISTORY

{¶2}  A statement of the facts underlying appellee's original criminal conviction is not necessary to our resolution of this appeal.  Appellee was convicted of rape, felonious sexual penetration, and gross sexual imposition on November 18, 1996.  On September 8, 2006, she was brought before the trial court and advised of her duties to register as a sexually-oriented offender pursuant to Megan's Law.

{¶3}  On February 6, 2012, appellee was charged by indictment with failing to provide a change of address pursuant to R.C. 2950.05, a felony of the first degree. Appellee entered a plea of not guilty and filed a motion to dismiss the indictment. After an oral hearing, the trial court granted appellee's motion on August 14, 2012, finding "[Appellee] cannot be charged with a more serious felony than a felony of the third degree as stated in the Court's Judgment Entry of September 11, 2006, and the indictment in this case is dismissed."

{¶4}  Appellant appeals from the judgment entry of the trial court granting appellee's motion to dismiss.

**ASSIGNMENT OF ERROR**

{¶5} Appellant raises one Assignment of Error:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR DISMISSAL, SUCH RULING BEING CONTRARY TO EXISTING LAW AND/OR A REASONABLE EXTENSION THEREOF."

**ANALYSIS**

**I.**

{¶7} The parties agree the issue presented by this case is the application of the Ohio Supreme Court's decision in *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341 to appellee's classification as a sexually-oriented offender under Megan's Law. Based upon our reading of *Howard*, we agree with the trial court's conclusion that appellee is not subject to prosecution for a first-degree felony pursuant to Chapter 2950 of the Ohio Revised Code, and we therefore affirm the trial court's decision to dismiss the indictment.

{¶8} We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. *State v. Brown*, 5th Dist. No. 2007CA00129, 2008-Ohio-4087, ¶ 21, citing *State v. Merritt,* 5th Dist. No. 06 CA 10, 2007-Ohio-480.

{¶9} In *State v. Howard*, supra, the Ohio Supreme Court addressed the issue presented by this case: whether current R.C. 2950.99 or former R.C. 2950.99 governs the penalty for sex offenders originally classified under Megan's Law who violate former R.C. 2950.05 by failing to give proper notice of an address change. *Howard*, supra, 2012-Ohio-5738 at ¶ 1.

{¶10} Appellant and appellee both trace the evolution of Ohio's sex offender registration requirements through Megan's Law and the Adam Walsh Act, along with the changes wrought by the Ohio Supreme Court in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753 [classifications and community-notification and registration orders imposed by judges pre-AWA are reinstated]; *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192 [current version of R.C. 2950.06 doesn't apply to offender originally classified under Megan's Law who is still accountable for yearly reporting requirement under Megan's Law]; *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 [Megan's Law applies to offenders who committed their offenses before effective date of AWA]; and *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350 [only offenders who commit underlying crime after effective date of AWA are subject to requirements of AWA].

{¶11} The parties come to different results from their analyses, however. Appellant argues *Howard* stands for the proposition that appellee is subject to Chapter 2950.99 "as it existed when AWA came into effect" and that she was properly indicted for a first-degree felony. We find *Howard* to be unambiguous, however, and its rationale does not support this conclusion. Appellee was classified pursuant to Megan's Law, is subject to the registration requirements of Megan's Law, and is therefore not subject to prosecution under R.C. 2950.05 as a first-degree felony. *Howard*, supra, 2012-Ohio-5738 at ¶ 29-30. Appellee is subject to prosecution for a violation of (former) R.C. 2950.05 as a third-degree felony.

{¶12} We are not the first appellate district to reach this conclusion. See, e.g., *State v. Shirley*, 12th Dist. No. CA2012-07-127, 2013-Ohio-1948; *State v. Lawson*,

10th Dist. No. 12AP-53, 2013-Ohio-803, 984 N.E.2d 1126; *State v. Washington*, 1st Dist. No.C-120583, 2013-Ohio-797; *State v. Watkins*, 6th Dist. No. L-11-1085, 2013-Ohio-2030.

## CONCLUSION

{¶13} Appellant's sole assignment of error is overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Baldwin, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN

PAD:kgb/pm5113

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff - Appellant              :          JUDGMENT ENTRY
                                       :
-vs-                                   :
                                       :
DENISE N. MONK                         :          Case No.    12CA18
                                       :
    Defendant - Appellee               :
                                       :
                                       :

   For the reasons stated in our accompanying Opinion on file, the judgment of the

Knox County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN