[Cite as *State v. Bennett*, 2013-Ohio-4610.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellant                      :          C.A. CASE NO.    25600

v.                                              :          T.C. NO.    12CR2549

MICHAEL D. BENNETT                              :          (Criminal appeal from
                                                              Common Pleas Court)

    Defendant-Appellee                       :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    18th    day of       October      , 2013.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

VICTOR A. HODGE, Atty. Reg. No. 0007298, Assistant Public Defender, 117 S. Main
Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the Notice of Appeal of the State of Ohio,

filed January 30, 2013. The State appeals from the December 31, 2012 decision of the trial court which granted Michael Dean Bennett's motion to dismiss an indictment charging him with one count of failure to notify of a change of address, in violation of R.C. 2950.05(A) and (F)(1), a felony of the first degree. We hereby affirm the judgment of the trial court.

{¶ 2} On March 31, 2008, Bennett pled guilty to kidnaping (sexual activity), a first degree felony. He committed the offense in November, 2007. On April 2, 2008, he was sentenced to a three year term of imprisonment, and he was designated a Tier II sex offender. Bennett was indicted herein on September 13, 2012, and he filed his motion to dismiss the charge of failure to notify on November 1, 2012, asserting that his "classification as a Tier II sex offender is null and void, as a result of which he cannot be prosecuted for a violation of a duty which is based upon the S.B. 10 (Adam Walsh Act) Tier classification." Bennett asserted that "as a matter of law, he had no duty to notify the Sheriff of a residence change, and therefore, cannot be prosecuted for the omission." Bennett further asserted, "where the offense occurred prior to January 1, 2008, but the accused was convicted and classified as an S.B. 10 Tier level offender, the Tier classification is unconstitutional as applied to a sex offender who committed the offense prior to January 1, 2008." Attached to the motion to dismiss is Bennett's 2007 indictment, judgment entry of conviction, and classification notice. On December 27, 2012, Bennett filed a Notice of Additional Authority, citing *In re Bruce S.*, 134 Ohio St. 3d 477, 479, 2012-Ohio-5696, 983 N.E.2d 350, in response to the State's Memorandum Contra Motion to Dismiss.

{¶ 3} In sustaining Bennett's motion to dismiss, the trial court noted from the bench that Bennett committed the kidnaping offense in 2007, and the court stated as follows:

Judge Langer following the express dictates of what was done (sic) as the Adam Walsh Act had you classified as a sex offender under the express terms of the Adam Walsh Act. That's subsequently been determined by the Supreme Court of Ohio and the Second District Court of Appeals which governs my actions to have been in error. And so now the issue remains as to whether you should be reclassified under the previous law which was called Megan's Law and if so, what your classification would be.

* * * But in any event, as it relates to your indictment in connection with this matter, I'm dismissing the case. * * *

The entry of dismissal provides, "Simply put, and based upon the authority cited by Defendant in his Motion and Notice of Additional Authority, Defendant's Motion is well-taken."

{¶ 4} The State asserts one assigned error herein as follows:

THE TRIAL COURT ERRED BY DISMISSING THE STATE'S INDICTMENT FOR FAILURE TO NOTIFY OF A CHANGE OF ADDRESS IN VIOLATION OF R.C. 2950.05 WHERE MICHAEL DEAN BENNETT IS PRESUMED TO HAVE KNOWN THAT, BY OPERATION OF LAW, HE QUALIFIED AS A SEXUALLY ORIENTED OFFENDER UNDER MEGAN'S LAW, AND SEXUALLY ORIENTED OFFENDERS ARE REQUIRED TO NOTIFY THE SHERIFF OF THEIR COUNTY OF RESIDENCE OF A CHANGE IN ADDRESS AT LEAST TWENTY DAYS PRIOR TO MAKING THE CHANGE.

**{¶ 5}** We note that "Crim.R. 12 permits a court to consider evidence beyond the face of an indictment when ruling on a pretrial motion to dismiss an indictment if the matter is capable of determination without trial of the general issue." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 3; Crim.R.12(C)[1]. The general issue for trial herein is whether Bennett failed to notify the Sheriff's Office regarding his change of address, pursuant to an enforceable legal duty. Bennett's motion to dismiss was based upon his not being subject to any constitutional classification, which could be determined without trial of the general issue, and Crim.R. 12(C) allowed the trial court to consider the motion. *Id*., ¶ 18.

**{¶ 6}** As this Court has previously noted:

The original version of Ohio's sex offender classification and registration law was enacted in 1963. See former R.C. Chapter 2950, 130 Ohio Laws 669. In 1996, the Ohio General Assembly enacted Ohio's version of "Megan's Law," which "repealed prior versions of R.C. Chapter 2950 and created Ohio's first comprehensive registration and classification system for sex offenders." *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 7, citing *State v. Cook* (1998), 83 Ohio St.3d 404, 407, 700 N.E.2d 570. Under Ohio's Megan's Law, judges classified sex offenders, after a hearing, as either a sexually oriented offender, habitual sex offender, or

---

[1]Crim.R. 12(C) provides in part as follows:
"Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without trial of the general issue. The following must be raised before trial: * * *."

sexual predator, based on the judge's consideration of various factors. Sex offenders were subject to registration, classification, and/or community-notification requirements in accordance with their specific classification.

In 2006, the United States Congress passed the Adam Walsh Child Protection and Safety Act, which divided sex offenders into three tiers based solely upon the offense committed. *Bodyke* at ¶ 18. * * * In 2007, the Ohio General Assembly enacted 2007 Am.Sub.S.B. No. 10, which replaced Megan's Law with Ohio's version of the Adam Walsh Act ("S.B. 10"), effective January 1, 2008. *Bodyke* at ¶ 20; current R.C. Chapter 2950. *State v. Eads*, 197 Ohio App. 3d 493, 2011-Ohio-6307, 968 N.E.2d 18, ¶ 7-8 (2d Dist.), appeal not allowed, 131 Ohio St. 3d 1500, 2012-Ohio-1501, 964 N.E.2d 440.

**{¶ 7}** "In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, [the Supreme Court of Ohio] held, at syllabus: '2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws.' " *In re Bruce S.*, 134 Ohio St. 3d 477, 2012-Ohio-5696, 983 N.E.2d 350, ¶ 6. In other words, "Senate Bill 10's classification, registration, and community-notification provisions cannot be constitutionally applied to a sex offender who committed his sex offense between July 1, 2007, and December 31, 2007, the last day before January 1, 2008, the effective date of S.B. 10's classification, registration, and community-notification

provisions." *Id.*, ¶ 12. We note that the State does not contest the fact that Bennett committed the offense of kidnaping (sexual activity) in November, 2007, nor that his Tier II classification is void. Furthermore, the State does not dispute the fact that at the time of Bennett's conviction, Megan's Law had been repealed. Finally, we find the State's argument unpersuasive that Bennett is somehow "by operation of law, a sexually oriented offender under Megan's Law and therefore subject to the duty to notify * * * ." The State does not contest the fact that Bennett was never designated as a sexually oriented offender, habitual sexual offender, or sexual predator by a judge, following a hearing, and as in *Eads*, "it is unclear what his designation would be." *Eads*, ¶ 25. In other words, Bennett has no enforceable duty to register, pursuant to R.C. 2950.05(A) and (F)(1), and he is accordingly not subject to prosecution for failure to notify.

{¶ 8} The State's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J., concurs.

FROELICH, J., concurring:

{¶ 9} To paraphrase Tom Hanks, "There is no summary judgment in the criminal rules."

"When a defendant in a criminal case files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for a summary judgment, which is not permitted under the Ohio Rules of Criminal Procedure." (Internal citations omitted.) *State v. Link*, 155 Ohio App.3d 585, 2003-Ohio-6798, 802 N.E.2d 680, ¶ 12 (5th Dist.); *see also*

*State v. Robinson*, 4th Dist. Athens No. 01CA51, 2002-Ohio-6150, ¶ 22.   As stated in *State v. Kolat*, 11th Dist. Lake No. 2001-L-117, 2002-Ohio-4699, ¶ 16:

> In criminal matters, a motion to dismiss can only raise matters that are "capable of determination without a trial of the general issue."   Crim.R. 12(B); *State v. O'Neal* (1996), 114 Ohio App.3d 335, 336, 683 N.E.2d 105. Thus, in the criminal context, a motion to dismiss "tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant."   *State v. Patterson* (1989), 63 Ohio App.3d 91, 95, 577 N.E.2d 1165.   If the allegations contained in the indictment constitute offenses under Ohio criminal law, it is premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges, and thus, a motion to dismiss must be denied.   Consequently, a pretrial motion, such as a motion to dismiss, must not entail a determination of the sufficiency of the evidence to support the indictment because such a determination cannot properly be made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion.   *State v. Abercrombie* (May 20, 2002), 12th Dist. No. CA2001-06-057, 2002 Ohio App. LEXIS 2408 at * 9.

{¶ 10}   In *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, the defendant was charged with numerous counts of pandering obscenity.  The defendant moved to dismiss the indictment, claiming that his court-appointed expert would be unable to adequately prepare for trial because of the risk of federal prosecution.  Citing *State v.*

*O'Neal*, 114 Ohio App.3d 335, 683 N.E.2d 105 (2d Dist.1996) and *State v. Varner*, 81 Ohio App.3d 85, 610 N.E.2d 476 (9th Dist.1991), the State argued it was premature to determine, in advance of trial, whether the State could satisfy its burden of proof with respect to the charges. The Ohio Supreme Court rejected this argument and held that Brady's situation compromised his constitutional right to a fair trial, as opposed to *O'Neal* and *Varner* "that required consideration of the general issue for trial." *Brady* at ¶ 18.

{¶ 11} Accordingly, in *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814 (12th Dist.), the court, relying on *Brady*, reversed the dismissal of an indictment that had been based on the grounds that the defendants' conduct did not constitute the crime of extortion. The "motion to dismiss addressed the very issue to be determined at trial and required a determination of the general (and ultimate) issue for trial, to-wit, whether [the defendants'] alleged acts constituted extortion under Ohio law. In turn, a review of the trial court's decision dismissing the indictments clearly shows that the trial court considered the alleged facts of the case and applied Ohio and federal cases to the facts." *Gaines* at ¶ 21. This appears to be what occurred in our case.

{¶ 12} There is nothing that would have prevented the defendant from waiving a jury, and then the parties' agreeing to submit the facts to the court as a stipulated trial. However, here, as in *Link*, the State neither objected to the motion and procedure, nor has it specifically raised such an issue in its appeal. And, similar to *Link*, the underlying facts of the trial court's decision are not in dispute.

{¶ 13} With the unique facts and procedure before us, I would consider the merits as both the State and defendant apparently desire and I concur in the affirmance.

. . . . . . . . . .

Copies mailed to:

R. Lynn Nothstine
Victor A. Hodge
Hon. Steven K. Dankof