SEAN C. GALLAGHER, J.:
*1288 {¶ 1} Appellant, city of South Euclid ("the City"), appeals the decision of the South Euclid Municipal Court to grant the pretrial dismissal of two cases alleging criminal trespass against appellee, Charles A. Turner, upon his motion to dismiss. Upon review, we reverse the decision of the trial court and remand for further proceedings.
{¶ 2} In each of the two underlying cases, S.Euclid M.C. Nos. CRB 1600738 and CRB 1700174, Turner was charged with criminal trespassing in violation of South Euclid Codified Ordinances ("SECO") Section 541.05(a)(4) and R.C. 2911.21(A)(3), respectively. The charges arose from incidents occurring on December 20, 2016, and March 7, 2017.
{¶ 3} The trial court's opinion set forth the underlying facts as follows:
On December 20, 2016, Defendant Turner stood in the parking lot of the South Euclid Municipal Complex next to a vehicle bearing a raised hood with a sign, wedged between the vehicle body and (raised) hood which read: "Mayor Welo Supports Police Brutality By Police Chief. Off. McCann & Others."
On March 7, 2017, Defendant Turner appeared in the lobby of the South Euclid Municipal Complex with a sign hanging from a string around his neck which read: "Mayor Welo Supports Brutality By Police Chief." In each instance, Defendant Turner was criminally charged with violating South Euclid Trespassing Codified Ordinance 541.05(a)(4).
The Prosecution contends and Defense does not dispute that prior to the December 20, 2016 incident, representatives from the City of South Euclid posted what the Prosecution has referred to as "Mayor Welo's Rules and Regulations." Said "rules" provided the basis for the Trespassing charges.
The "rules" state in part:
The South Euclid Municipal Center includes the interior walkways, corridors, lobby [and] parking lot,
* * *
Said buildings are restricted to those individuals or groups who have legitimate business dealings with the City of South Euclid and/or who have previously been issued a permit to use said buildings. No person or persons without prior approval of the Mayor and/or Safety Director or his or her designee shall do any of the following in the South Euclid Municipal Center, Community Center or Service Department... Conduct any protests, demonstrations, carry or possess any type of sign, posted, notice or plaque... Failure to cease and desist and vacate the premises when asked to do so by [a] law enforcement officer may result in the imposition of criminal charges. The issuance of a permit to use any of the Municipal Center or Community Center shall not be basis [sic] on or influenced by race, color, creed, religion, gender, age, disability status, sexual orientation, national origin or political affiliation. Effective this 15th day of December 2016.
{¶ 4} Turner filed a pretrial motion to dismiss the charge in each case. He argued that under the facts of the case, the criminal trespassing ordinance and statute were unconstitutional "as applied" to him.
{¶ 5} The trial court found "[b]ased upon the facts as agreed to by the Prosecution and Defense, 'Mayor Welo's Rules and Regulations' is unconstitutional both *1289 on its face and as applied." The court determined that " 'Mayor Welo's Rules and Regulations violate the First and Fourteenth Amendments of the United States Constitution" and granted the motion to dismiss.
{¶ 6} The City filed this appeal pursuant to R.C. 2945.67(A). Under its first assignment of error, the City argues that the motion to dismiss should have been denied because it raised matters that were not capable of determination without a trial on the general issue. We agree and find that the trial court erred in dismissing the underlying cases.
{¶ 7} We review the decision to dismiss an indictment de novo. State v. Wynn , 8th Dist. Cuyahoga No. 103824, 2017-Ohio-4062, 2017 WL 2378115, ¶ 16. A de novo review requires an independent review, without any deference to the trial court's determination. Id.
{¶ 8} Crim.R. 12(C) allows a party to file a pretrial motion regarding "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(F) allows a trial court to "adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means."
{¶ 9} The Supreme Court of Ohio has explained:
Crim.R. 12 empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C). In conducting this pretrial review, courts may look to "evidence beyond the face of the indictment." State v. Brady , 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, at ¶ 18. However, a Crim.R. 12 ruling may not decide "what would be the general issue at trial." Id.
State v. Palmer , 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 22.
{¶ 10} Turner was charged with criminal trespassing. Criminal trespass pursuant to SECO Section 541.05(a)(4) provides:
(a) No person, without privilege to do so, shall do any of the following:
(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either.
{¶ 11} Criminal trespass pursuant to R.C. 2911.21(A)(3) states:
(a) No person, without privilege to do so, shall do any of the following:
(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access.
{¶ 12} This is not a case where the criminal trespassing law simply does not apply to Turner or where there is no set of circumstances under which he can violate the law's requirements. Compare Palmer at ¶¶ 20-23 (trial court may dismiss an indictment under R.C. Chapter 2950 if Ohio's sex-offender regulations do not apply to the accused); accord State v. Ortega-Martinez , 8th Dist. Cuyahoga No. 95656, 2011-Ohio-2540, 2011 WL 2112726, ¶¶ 16-17 (the trial court did not impermissibly decide what would be a general issue for trial in ruling on a motion to dismiss when the indictment for failure to verify was predicated on an unlawful reclassification.) Nor is this a case where the motion to dismiss *1290 did not embrace what would be a general issue at trial, but rather challenged an ability to defend the case and the right to receive a fair trial. Compare Brady , 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 18 (finding the motion did not embrace what would be the general issue at trial, but instead "it alleged that the FBI's enforcement of federal child pornography laws against his expert compromised his constitutional right to a fair trial by restricting the expert's ability to perform tasks deemed necessary to Brady's defense.").
{¶ 13} Rather, this case is analogous to State v. Kalman , 2017-Ohio-7548, 84 N.E.3d 1088 (4th Dist.). In Kalman , the defendant was charged with criminal trespass for entering a restricted area in a courthouse and surrounding premises to place protest stickers on a directory after he was given notice that he was no longer permitted to return to the site. Id. at ¶¶ 1-9. Kalman filed a pretrial motion to dismiss, arguing that he had a privilege to be on the ramp and the stairs immediately below the directory because the area was a public forum open to free expression of speech. Id. at ¶ 12. The trial court denied the motion, and appellant was convicted of the charge following a bench trial. Id. at ¶¶ 19-20. On appeal, Kalman argued that enforcement of the criminal trespass statute violated his right to free speech under the United States and Ohio Constitutions, while the state argued that Kalman did not have a "privilege" to be within the restricted area under the First Amendment. Id. at ¶ 23. The appellate court noted that it was inappropriate for the trial court to consider the issue via a pretrial motion to dismiss because the determination required consideration of a general issue for trial. Id. at ¶ 11, fn. 1. The concurring opinion elaborated as follows:
Crim. R. 12(C) provides for filing a motion to dismiss only where it addresses a defense or issue that is "capable of determination without a trial of the general issue." Here, the issue of whether Kalman had a privilege, constitutional or otherwise, to be at the specific location was central to deciding the ultimate issue of criminal trespass. In essence, Kalman's pretrial motion to dismiss was a motion for summary judgment, which the criminal rules do not authorize. See Katz & Giannelli, Baldwin's Ohio Practice, Criminal Law (3rd ed.), § 47:4.
Kalman had two choices to put the issue of privilege before the court: 1) go to trial and make a Crim. R. 29 Motion for Judgment of Acquittal or 2) enter into a stipulation of facts and submit the case to the court on written memoranda. See State v. Bennett , 2nd Dist., 2013-Ohio-4610 [2013 WL 5708452], Froelich, J. concurring.
Kalman at ¶ 48, Harsha, J., concurring.
{¶ 14} Also on point is State v. Gaines , 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814 (12th Dist.), where the court found Brady had been misapplied and determined the motion to dismiss "addressed the very issue to be determined at trial and required a determination of the general (and ultimate) issue for trial, to wit, whether the Gaines' alleged acts constituted extortion under Ohio law." Id. at ¶ 21. Similar to this case, in Gaines the record revealed that the trial court violated Crim.R. 12(C) where its "decision dismissing the indictments clearly shows that the trial court considered the alleged facts of the case and applied Ohio and federal cases to the facts." Id. at ¶ 21. As stated in Gaines , "Whether the evidence shows the Gaines committed the indicted offense of extortion is a question to be determined later by the trier of fact." Id. ; accord State v. Gaines , 2d Dist. Clark No. 2017-CA-67, 2017-Ohio-8906, 2017 WL 6209652, ¶ 17 *1291 ("Gaines's arguments about whether Officers Peterson and Holbrook lawfully stopped and detained him are directly related to the general issue at trial, i.e., whether Gaines committed the offense of obstructing official business.").
{¶ 15} In this case, Turner argues that under the facts of the case, the criminal trespassing ordinance and statute were unconstitutional "as applied" to him. Whether Turner had a privilege, constitutional or otherwise, to be at the South Euclid Municipal Center is central to deciding the ultimate issue of criminal trespass.
{¶ 16} Upon our review, we find the issues raised in Turner's motion were matters that were not capable of determination without a trial on the general issue. Accordingly, the trial court erred by prematurely considering a general issue for trial and in granting Turner's motion to dismiss. We are not persuaded by Turner's argument that the case should be dismissed in the interests of justice pursuant to the court's plenary authority under Crim.R. 48(B).
{¶ 17} The first assignment of error is well taken. Because the motion was improperly decided, the second assignment of error is not properly before us.
{¶ 18} Judgment reversed. Case remanded.
EILEEN T. GALLAGHER, P.J., and KATHLEEN ANN KEOUGH, J., CONCUR