THE STATE OF OHIO, APPELLANT, *v.* HOWARD, APPELLEE.

[Cite as *State v. Howard,* 134 Ohio St.3d 467, 2012-Ohio-5738.]

*Criminal law—Sex offenders—R.C. 2950.05—Requirement to give notice of change of residence address—Penalty for failure to give notice—Former R.C. 2950.99 as it existed immediately before repeal of Megan's Law by Adam Walsh Act governs penalty for offenders originally classified under Megan's Law who violate notice requirements after effective date of Adam Walsh Act.*

(No. 2011-2126—Submitted August 22, 2012—Decided December 6, 2012.)

APPEAL from the Court of Appeals for Montgomery County, No. 24680, 195 Ohio App.3d 802, 2011-Ohio-5693.

_____

PFEIFER, J.

{¶ 1} The issue we address in this case is whether current R.C. 2950.99 or former R.C. 2950.99 governs the penalty for sex offenders originally classified under Megan's Law who violate former R.C. 2950.05 by failing to give proper notice of an address change. We hold that former R.C. 2950.99 governs the penalty in such cases, specifically, the version of R.C. 2950.99 in place immediately prior to the repeal of Megan's Law by the Adam Walsh Act.

Factual and Procedural Background

{¶ 2} The factual background in this case is as much about the changing landscape of sex-offender-registration law in Ohio as it is about defendant-appellee Donny Howard. There is no dispute regarding the operative facts. In September 2000, Howard was convicted of rape, a first-degree felony, and sentenced to four years in prison. At that time, Howard was designated a habitual sex offender pursuant to Ohio's Megan's Law, which had been adopted in 1996

and became effective on January 1, 1997. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601. Pursuant to that designation, Howard was required to verify his address on an annual basis and to notify the sheriff of any change of address. Former R.C. 2950.06(B)(2) and 2950.07(B)(2). For offenders whose underlying offense was a felony, failure to comply with the reporting requirements of Megan's Law was a fifth-degree felony. Former R.C. 2950.99, 146 Ohio Laws, Part II, 2634.

{¶ 3} Effective July 31, 2003, the General Assembly passed amendments to Megan's Law in Am.Sub.S.B. No. 5 ("S.B. 5"), 150 Ohio Laws, Part IV, 6558, 6687-6702. One change in the law was an increase in the punishment for failure to comply with former R.C. 2950.05; for offenders whose underlying sex offense was a first-, second-, or third-degree felony, the violation of R.C. 2950.05 was a third-degree felony.

{¶ 4} In 2007, the General Assembly passed Am.Sub.S.B. No. 10, Ohio's version of the federal Adam Walsh Act ("AWA"), which repealed Megan's Law effective January 1, 2008. Pursuant to the AWA, Howard was reclassified by the Ohio Attorney General as a Tier III sex offender, subjecting Howard to Tier III notification provisions for life. Am.Sub.S.B. No. 97 also became effective on January 1, 2008; it amended R.C. 2950.99 to make a violation of the reporting requirements of the AWA a felony of the same degree as the most serious sex-offense felony that was the basis for the classification. Thus, if applied to Howard, an R.C. 2950.05 reporting violation would be a first-degree felony.

{¶ 5} On June 3, 2010, Howard was indicted for a first-degree felony for failing to notify the sheriff of a change of address 20 days prior to the change. Howard pled no contest to the charge; on October 28, 2010, the trial court sentenced Howard to the mandatory minimum prison term of three years.

{¶ 6} Also on June 3, 2010—the day of Howard's indictment—this court declared unconstitutional the reclassification provisions of the AWA in *State v.*

2

*Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. Pursuant to *Bodyke*, the classifications and community-notification and registration orders imposed by judges before the AWA were reinstated. *Bodyke* at ¶ 66. Thus, for Howard, his original classification as a habitual sex offender and the registration and notification requirements for that classification were reinstated.

{¶ 7} On June 13, 2011, Howard filed a delayed appeal with the Second District Court of Appeals, claiming that the trial court had erred in convicting him of a first-degree felony; Howard based his appeal on *State v. Milby,* 2d Dist. No. 23798, 2010-Ohio-6344, 2010 WL 5480656. In *Milby*, the defendant had been convicted of a rape in 1983 and was classified as a sex offender. In 2003, while incarcerated, he was reclassified as a sexual predator. He was apparently reclassified under the AWA as a Tier III sex offender. He violated his reporting requirements in 2009.

{¶ 8} In a decision subsequent to *Bodyke*, the *Milby* court struck down the Tier III reclassification and reinstated the previous sexual-predator classification and the attendant reporting order. The court further held that the increased penalty imposed by the AWA could not be applied to the defendant. The cause was remanded for resentencing as a third-degree instead of a first-degree felony.

{¶ 9} In the instant case, the court below applied *Milby*:

> As in *Milby*, when Howard's original classification and registration requirements are applied, his conviction for failure to notify is not offended. There is no dispute that under former law, Howard was required to provide written notice of a change of address at least 20 days prior to changing his address of residence. See former R.C. 2950.05(A). However, the amendment of R.C. 2950.99 changed the penalty for failure to notify from a felony of the fifth degree to a felony of the first degree, based upon the

penalty for the underlying offense of rape, and Howard was subject to a mandatory term of incarceration. As in *Milby*, the fact that Howard had committed his offense of failure to notify after the effective date of S.B. 97 does not affect the outcome herein as the state asserts. Pursuant to *Milby*, we find that the trial court erred when it convicted Howard of a first-degree felony and sentenced him accordingly, instead of finding him guilty of a fifth-degree felony.

*State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196, ¶ 12. The court reversed Howard's sentence and remanded the matter to the trial court for resentencing.

{¶ 10} The appellate court applied the penalty that existed on the date of the defendant's original classification under Megan's Law in September 2000. The dissenter in *Howard* argued that the applicable penalty was the Megan's Law penalty provision in place immediately before the AWA repealed Megan's Law, i.e., the third-degree-felony provision first instituted in 2003 via S.B. 5:

Based on *Milby*, as followed in [*State v.*] *Johnson* [2d Dist. No. 24029, 2011-Ohio-2069] and [*State v.*] *Alexander*, [2d Dist. No. 24119, 2011-Ohio-4015], this court has held that when a failure-to-notify case is reversed after an improper AWA reclassification, the penalty for violation of failure to notify [sic] reverts to that penalty that was in effect before the "offending" AWA legislation, which was effective January 1, 2008. Prior to enactment of AWA, the penalty for failure to notify for underlying [first-degree felonies through third-degree felonies] was a felony of the third degree. Consequently, I would remand this case for

4

resentencing of the defendant for a conviction of [a third-degree felony].

*Howard* at ¶ 21 (Hall, J., concurring in part and dissenting in part).

**{¶ 11}** The state appealed, raising the following proposition of law: "The felony sentencing statute R.C. 2950.99 is not applied retroactively when the conduct for which a defendant is convicted and sentenced occurred after the effective date of the statute or January 1, 2008."

**{¶ 12}** The cause is before this court upon the acceptance of a discretionary appeal. *State v. Howard*, 131 Ohio St.3d 1472, 2012-Ohio-896, 962 N.E.2d 803.

## Law and Analysis

**{¶ 13}** This is an appeal brought by the state. The only issue we address is which penalty provision—that of Megan's Law or the AWA—applies to sex offenders originally classified under Megan's Law who commit violations of notice-of-address-change requirements after the effective date of the AWA. The defendant has not raised the issue whether he was properly indicted in this case, that is, whether he can be convicted of a failure to provide notice of a change of address under Megan's Law when he was indicted for a notice violation under the AWA. We address that issue in another case announced today, *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316.

## The Effect of *Bodyke*, *Gingell*, and *Williams*

**{¶ 14}** In *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, this court held that the reclassification provisions in the AWA, R.C. 2950.031 and 2950.032, were unconstitutional and severed them from the AWA. The court spelled out what that meant for offenders who were originally classified under Megan's Law and were then reclassified under the AWA: "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under

Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Bodyke* at ¶ 66.

{¶ 15} In *State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, the defendant—who was originally classified as a sexually oriented offender under Megan's Law—was charged with an R.C. 2950.06 registration violation under the AWA. This court held that pursuant to *Bodyke*, "Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated." *Id.* at ¶ 8. The court held that the current version of R.C. 2950.06 did not apply to Gingell. *Id.* Instead, "Gingell remained accountable for the yearly reporting requirement under Megan's Law * * *." *Id.*

{¶ 16} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, this court addressed the case of a defendant who had committed a sex offense before, but was sentenced after, the AWA became effective. The trial court designated Williams a Tier II sex offender, and he was automatically subjected to the concomitant registration and notification provisions of the AWA. This court declared that the AWA was punitive and was unconstitutional as applied to Williams: "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. This court remanded the case "for resentencing under the law in effect at the time Williams committed the offense." *Id.* at ¶ 23. Thus, this court ordered that the provisions of Megan's Law would apply to defendants who committed their offenses before the enactment date of the AWA. In another case decided today, *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, this court clarified that only persons who commit their underlying crime on or after the *effective* date of the AWA—January 1, 2008— are subject to the requirements of the AWA.

{¶ 17} Therefore, Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense. Those who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA.

Applicability of R.C. 2950.99 to Violations of Former R.C. 2950.05

{¶ 18} The current version of R.C. 2950.99 was not a part of S.B. 10; it was contained in a separate bill passed at the same time, Am.Sub.S.B. No. 97. We did not opine on the constitutionality of S.B. 97 in *Bodyke*, *Gingell*, or *Williams*. Current R.C. 2950.99 remains in full vigor for those to whom it applies—offenders who violate the requirements of R.C. Chapter 2950 as they currently exist, i.e., as set forth in the AWA. It reads, "[W]hoever violates a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code shall be punished as follows * * *."

{¶ 19} However, in this case we deal with a defendant who violated *former* R.C. 2950.05, not the current R.C. 2950.05 for which R.C. 2950.99 provides penalties. Pursuant to *Bodyke*, Howard's original classification under Megan's Law and the associated community-notification and registration order were reinstated. *See Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 66. Howard must abide by the requirements of *former* R.C. 2950.05, not current R.C. 2950.05. R.C. 2950.99 describes punishments for people who violate the requirements of the AWA—it does not reach back to cover offenders who must abide by Megan's Law. Former R.C. 2950.99 addresses punishments for offenders who violate the provisions of Megan's Law, including former R.C. 2950.05. Current R.C. 2950.99 applies to a different statutory landscape; by its own terms it applies to offenders who violate current R.C. 2950.05. Howard's sex-offender-registration obligations are controlled by Megan's Law. The penalty provisions under Megan's law thus also apply.

Effect of Changes to R.C. 2950.99 While Megan's Law Was in Effect

{¶ 20} As noted above, R.C. 2950.99 as it existed under Megan's Law was in effect from January 1, 1997, through January 1, 2008. It was amended in 2003 to increase the punishment for violating reporting requirements. The appellate panel below was split on the question of which of Megan's Law's penalty provisions should apply to a person who violates former R.C. 2950.05. The majority applied the version in place in 2000 when the defendant was originally classified under Megan's Law. 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196, ¶ 12. The dissenting judge would have applied the version in place immediately before Megan's Law was supplanted by the AWA. *Id.* at ¶ 21 (Hall, J., concurring in part and dissenting in part). In Howard's case, the difference is between a fifth-degree felony—the law at the time of his classification—and a third-degree felony—the law at the time that Megan's Law was repealed and replaced by the AWA.

{¶ 21} We hold that the appropriate version of former R.C. 2950.99 to apply to Howard is the one in place at the time that Megan's Law was repealed. That reflects the state of the law before Megan's Law was repealed, and that is the statutory scheme governing sex offenders originally classified pursuant to Megan's Law.

{¶ 22} Howard argues that the imposition of any penalty other than the one in effect when Howard's duties under R.C. 2950.05 arose would violate the Retroactivity Clause of the Ohio Constitution, Article II, Section 28, and the Ex Post Facto Clause of the United States Constitution. We disagree. The imposition of S.B. 5 penalties does not create an increased penalty for Howard's original sex offense, but rather imposes a penalty related entirely to his later, separate violation of former R.C. 2950.05, a new crime. That is, the penalty is not an increased penalty for his original sex offense, but rather a penalty for a new offense.

8

{¶ 23} In *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), this court unanimously upheld the constitutionality of Megan's Law against challenges under the Retroactivity Clause and the Ex Post Facto Clause. In determining whether Megan's Law violated the Ex Post Facto Clause, this court employed guideposts developed by the United States Supreme Court in *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The guideposts are designed to aid courts in determining whether a statute is so punitive as to violate the constitutional prohibition against ex post facto laws. One guidepost asks " 'whether the behavior to which [the statute] applies is already a crime.' " *Cook* at 418, quoting *Mendoza-Martinez* at 168. In addressing that factor, the *Cook* court wrote,

> Even prior to the promulgation of the current version of R.C. Chapter 2950, failure to register was a punishable offense. See former R.C. 2950.99, 130 Ohio Laws 671. Thus, any such punishment flows from a failure to register, a new violation of the statute, not from a past sex offense. In other words, the punishment is not applied retroactively for an act that was committed previously, but for a violation of law committed subsequent to the enactment of the law.

*Cook* at 420-421.

{¶ 24} For offenders classified under Megan's Law, the sentence changes imposed by S.B. 5 did not apply to the offender's original sex offense, but instead applied to a prospective failure to meet the registration requirements of R.C. 2950.05.

{¶ 25} In *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, this court considered the constitutionality of R.C. 2901.08 as applied

to a defendant indicted for drunk driving in 2007.  The defendant in *Adkins* had a record of six such offenses, including a 1987 juvenile adjudication.  In 1996, R.C. 2901.08 was amended to include juvenile adjudications as one of the five convictions over a span of 20 years that could support an enhanced sentence for driving while impaired.   Adkins argued that the statutory change altered the nature of his juvenile adjudication  and was unconstitutionally retroactive.  This court disagreed:

> Adkins is not being punished for a previous juvenile adjudication; he is being punished for his current offense. As the United States Supreme Court has held, "When a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's 'status as a recidivist.'  The sentence 'is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.' *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)." *United States v. Rodriquez* (2008), 553 U.S. 377, 386, 128 S.Ct. 1783, 170 L.Ed.2d 719.

*Adkins* at ¶ 15.

{¶ 26} When S.B. 5 increased the punishment for a violation of R.C. 2905.05, Howard had not yet committed any such violation.  He also had notice of the increased severity of a violation, a fact that dooms his ex post facto claim:

10

> "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham* (1981), 450 U.S. 24, 30, 101 S.Ct. 960, 67 L.Ed.2d 17.

*Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 18.

{¶ **27**} As this court pointed out in *Adkins*, "The increase in punishment provided for in R.C. 2901.08 was established before Adkins committed the offense at issue." Id. Likewise, here, the increase in punishment in R.C. 2950.99 was established before Howard violated former R.C. 2950.05.

{¶ **28**} We find that the penalty enhancements of S.B. 5 do not relate back to the original sex offense, but instead relate to a defendant's failure to meet the requirements of R.C. 2950.05 subsequent to the passage of S.B. 5. The enhancements therefore do not violate the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution.

## Conclusion

{¶ **29**} We hold that for a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the AWA is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the AWA. In the case of Howard, then, his violation of R.C. 2950.05 was a felony of the third degree.

{¶ **30**} We agree with the judgment of the court of appeals that current R.C. 2950.99 does not apply to sex offenders originally classified under Megan's Law. However, we reverse the judgment of the court of appeals because it imposed the penalty provision in place when Howard was classified rather than

the penalty provision in place immediately before Megan's Law was replaced by the AWA. The cause is remanded to the trial court for resentencing as a third-degree felony.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON and MCGEE BROWN, JJ., concur.

O'DONNELL and CUPP, JJ., dissent.

LANZINGER, J., dissents and would remand for resentencing as a fifth-degree felony.

_____

**CUPP, J., dissenting.**

{¶ 31} Because I believe that the majority opinion's reasoning is fundamentally flawed and undermines well-settled precedent in a way that will lead to substantial negative consequences in areas of the criminal law beyond those involving sex offenders, I respectfully dissent.

{¶ 32} I would adopt the state's proposition of law, which asserts that current R.C. 2950.99, enacted by Am.Sub.S.B. No. 97 ("S.B. 97"), effective January 1, 2008, "is not applied retroactively when the conduct for which a defendant is convicted and sentenced occurred after the effective date of the statute."

{¶ 33} I agree with the well-reasoned partial dissent of Judge Stewart in *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83:

> The enhanced penalty provision [of S.B. 97] is not couched in terms of the new classifications. It refers only to "violations" of the reporting statutes, not to the type of tier offender involved. Moreover, there is no question that the General Assembly could

validly pass a law that prospectively enhances a penalty for repeat offenders. As the First District Court of Appeals noted when addressing a similar issue regarding a sentencing enhancement, "[the statute] is not violative of the constitutional prohibition against ex post facto laws because it is not 'retrospective,' i.e., it does not 'change * * * the legal consequences of acts completed before its effective date,' but simply mandates an enhanced penalty for acts committed after the effective date of the provision if the defendant has previously been convicted[.]" *State v. Clark* (Aug. 5, 1992), 1st Dist. No. C-910541 [1992 WL 188535].

*Id.* at ¶ 16 (Stewart, J., concurring in part and dissenting in part).

{¶ 34} I also agree with the reasoning of *State v. Freeman*, 1st Dist. No. C-100389, 2011-Ohio-4357:

The penalty provisions contained in current R.C. 2950.99 became effective January 1, 2008. Freeman pleaded guilty to failing to notify the sheriff of an address change on or about October 15, 2009. Although Freeman's duty to register stemmed from his sex offense, his failure to notify the sheriff of an address change was a new offense that he had committed after the effective date of current R.C. 2950.99's penalty provisions. Therefore, current R.C. 2950.99 was not applied retroactively to Freeman's conduct.

(Footnote omitted.) *Id.* at ¶ 18.

{¶ 35} In *State v. Cook*, 83 Ohio St.3d 404, 421, 700 N.E.2d 570 (1998), we recognized that despite statutory changes, the type of punishment at issue in

this case "flows from a failure to register, *a new violation of the statute*, not from a past sex offense," so "the punishment is not applied retroactively for an act that was committed previously, but for a violation of law committed subsequent to the enactment of the law." (Emphasis added.) *See also State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 18 (there is no ex post facto violation when an increase in punishment is established before an offense is committed).

{¶ 36} The majority cites *Cook* and *Adkins* in its partial application of those precedents, but fails to appreciate that the principles stated in those decisions definitively require the penalties of current R.C. 2950.99 to fully apply in this case.

{¶ 37} The majority states, "When [Am.Sub.S.B. No.] 5 increased the punishment for a violation of R.C. 2905.05, Howard had not yet committed any such violation. He also had notice of the increased severity of a violation * * *." Majority opinion at ¶ 26. The majority further states that, consistent with *Adkins*, "the increase in punishment in R.C. 2950.99 was established [in S.B. 5] before Howard violated former R.C. 2950.05," majority opinion at ¶ 27, so that there can be no ex post facto violation.

{¶ 38} The majority's statements regarding S.B. 5 also apply with equal force to the changes to R.C. 2950.99 accomplished by S.B. 97. The situation is exactly the same, and the same principles govern the analysis. Consequently, when S.B. 97 increased the punishment for a violation of R.C. 2905.05, "Howard had not yet committed any such violation," and he therefore can appropriately be subject to the penalties of current R.C. 2950.99.

{¶ 39} I would fully reverse the judgment of the court of appeals and would hold that current R.C. 2950.99 should govern the penalty for the sex offender in this case. Current R.C. 2950.99 should also govern the penalty for other similarly situated sex offenders.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellant.

Marshall G. Lachman, for appellee.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Cuyahoga County Prosecutor's Office.

_____