[Cite as *State v. Vaquera*, 2013-Ohio-1792.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### Nos. 98706 and 98707

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RAYMUNDO VAQUERA

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557417

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Daniel T. Van
        Nathaniel Tosi
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant, the state of Ohio, appeals the judgment of the Cuyahoga County Court of Common Pleas that sentenced appellee Raymundo Vaquera to 18 months of community control for an offense of failure to provide notice of change of address, as a fifth-degree felony. For the reasons stated herein, we reverse the judgment and remand the case for resentencing as a third-degree felony in accordance with this opinion.

{¶2} In 2001, Vaquera was convicted of gross sexual imposition, a third-degree felony, in violation of R.C. 2907.05. He was classified as a sexually oriented offender under Megan's Law and was subject to registration requirements. On November 3, 2011, Vaquera was indicted on a charge of failure to provide notice of change of address. The charge included a furthermore clause that indicated Vaquera had a prior violation for a similar offense in 2009.

{¶3} On June 12, 2012, Vaquera entered a plea of no contest. Before entering the plea, Vaquera was advised by the court that the level of the offense was uncertain. The state believed the crime was a second-degree felony with a mandatory, minimum prison term of three years and a maximum prison term of eight years. Defense counsel argued the crime was a fifth-degree felony with a possible prison term of six to twelve months. The court advised Vaquera as to both levels of the offense and determined that Vaquera understood the maximum penalty involved. Ultimately, the trial court sentenced

Vaquera for the offense as a fifth-degree felony and imposed 18 months of community control.

{¶4} The state obtained leave to appeal. On appeal, the state raises three assignments of error that argue Vaquera should have been sentenced in accordance with the version of R.C. 2950.99 in effect at the time of the registration offense, otherwise known as the Adam Walsh Act. However, since the time the appeal was filed, the Ohio Supreme Court decided *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341. Pursuant to *Howard*, the applicable penalty provision for sex offenders originally classified under Megan's Law is "the version of R.C. 2950.99 in place immediately prior to the repeal of Megan's Law by the Adam Walsh Act." *Id.* at ¶ 1. Thus, "[f]or offenders whose underlying offense was a first-, second-, or third-degree felony, the violation of R.C. 2950.05 was a third-degree felony." *Id.* at ¶ 3.

{¶5} Accordingly, we reverse the judgment of the trial court and remand the case with instructions for the court to vacate Vaquera's fifth-degree felony conviction, to enter a finding of guilt for a third-degree felony, and to resentence Vaquera in accordance with a third-degree felony offense.

{¶6} Judgment reversed; case remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR