[Cite as *State v. Tomlinson*, 2013-Ohio-4642.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-12-091 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/21/2013 |
| - vs - | | |
| | : | |
| ANTHONY D. TOMLINSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 00701

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert Benintendi, 10 South Third Street, Batavia, Ohio 45103, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Anthony Tomlinson, appeals from his conviction and sentence in the Clermont County Court of Common Pleas following his plea of no contest to a violation of R.C. 2950.05(F)(1), failure to register. For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} Appellant was convicted of rape in 1985 and was sentenced to a prison term of

25 years. In 1998, pursuant to the newly enacted Megan's Law, appellant was classified as a sexual predator. As a sexual predator, appellant was required to verify his address on an annual basis for the remainder of his life and to notify the sheriff of any change to his address. Failure to comply with the reporting requirements of Megan's Law was a fifth-degree felony for offenders whose underlying offense was a felony. *See* former R.C. 2950.99. In 2003, the General Assembly amended portions of Megan's Law and increased the punishment for failure to comply with former R.C. 2950.05. Thus, for offenders whose underlying sexual offense was a first-, second-, or third-degree felony, the failure to register under R.C.2950.05 was a third-degree felony. *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 3.

{¶ 3} Effective January 1, 2008, Megan's Law was repealed and replaced with the Adam Walsh Act (AWA). *Id.* at ¶ 4. Provisions of the AWA changed many of the reporting requirements and also made the penalty for violating the reporting requirements the same degree offense as the underlying sexual offense. R.C. 2950.99(A)(1)(a)(ii).

{¶ 4} In March of 2008, appellant was released from prison and subsequently began complying with the reporting requirements. Appellant verified his address on April 9, 2012, as 2127 Woodville Pike in Clermont County, Ohio. In July of 2012, in an attempt to verify his address, deputies learned that appellant no longer lived at that address and had been absent for approximately two months.

{¶ 5} On September 5, 2012, appellant was indicted under R.C. 2950.05(F)(1) for failing to file notice of his change of address. Because appellant's underlying rape conviction was a first-degree felony, appellant was charged with a first-degree felony pursuant to the current AWA provisions in R.C. 2950.99. Appellant pled no contest to the charge and was subsequently sentenced to five years in prison. Appellant now appeals the decision of the trial court, raising the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED IN APPLYING THE PROVISIONS OF THE ADAM WALSH ACT ("AWA") AGAINST HIM WHEN HE HAD BEEN CLASSIFIED A SEX OFFENDER UNDER MEGAN'S LAW IN 1998.

{¶ 7} Appellant seeks the vacation of his conviction and a remand to the trial court for resentencing on the basis that the penalty for failure to notify should be imposed under former R.C. 2950.99. The state concedes that in light of the Ohio Supreme Court's recent decisions in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, and *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, appellant should have been convicted of a third-degree felony, and not a first-degree felony.

{¶ 8} At the time of appellant's conviction and sentencing there was a split of authority in Ohio as to whether penalties under the AWA could be constitutionally applied to offenders classified under Megan's Law. We previously held that the penalty provisions enacted under the AWA should also apply to those offenders originally classified under Megan's Law. *State v. Topping*, 12th Dist. Warren No. CA2011-07-067, 2012-Ohio-2259, ¶ 22, *aff'd in part, rev'd in part, sub nom. In re Cases Held for the Decision in State v. Brunning*, 134 Ohio St. 3d 593, 2012-Ohio-5777, ¶ 19. However, following disposition by the trial court in the present case, the Ohio Supreme Court issued an opinion resolving the split of authority and reversed our decision in *Topping. Id.*[1]

{¶ 9} In *Brunning*, the Court held that offenders originally classified under Megan's Law who were convicted of violating the AWA are not entitled to a vacation of that conviction on the basis that the charges were brought under the AWA. *Brunning* at ¶ 31. In so

---

1. We recognize the State conceded the issue relating to the applicable penalty provisions for offenders classified under Megan's Law in *State v. Shirley*, 12th Dist. Butler No. CA2012-07-127, 2013-Ohio-1948. However, contrary to our holding in *Shirley*, we find the applicable penalty provisions are those found in the version of R.C. 2950.99 in place just before the effective date of the AWA, as consistent with the Ohio Supreme Court's decision in *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738.

deciding, the Court explained:

> [O]ffenders originally classified under Megan's Law have a continuing duty to abide by the requirements of Megan's Law. Thus, this court's holding in *Bodyke* does not require vacation of a conviction for violating the AWA when the offender, originally classified under Megan's Law, was indicted for a violation of the AWA that also constitutes a violation under Megan's Law. We note that the applicable penalty provision for such convictions is that contained in former R.C. 2950.99, as held in another decision of this court announced today, *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341.

*Id.* In other words, "[t]hose who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offenses after the effective date of the AWA are subject to the AWA." *Howard* at ¶ 13.

{¶ 10} Although a person classified as a sex offender under Megan's Law has a continuing obligation to follow the requirements of Megan's Law, the penalty provisions for offenders under Megan's Law and for offenders under the AWA are separate and distinct. Thus, while an offender under the AWA is subject to the current provisions of R.C. 2920.99, an offender classified under Megan's Law is subject to the penalties applicable immediately prior to the effective date of the AWA. *Howard* at ¶ 29; *State v. Washington*, 1st Dist. Hamilton No. C-120583, 2013-Ohio-797, ¶ 5. As stated by the Ohio Supreme Court in *Howard*:

> [F]or a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the AWA is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the AWA.

*Id.* at ¶ 29. In other words, "the appropriate version of former R.C. 2950.99 to apply * * * is the one in place at the time that Megan's Law was repealed." *Id.* at ¶ 21; *Washington* at ¶ 5 (noting the version of R.C. 2950.99 in place immediately prior to the effective date of the AWA was the version as amended by Senate Bill 5). Accordingly, a person whose sexual

- 4 -

offender status was determined under Megan's Law is subject to the punishments for failing to register under the version of R.C. 2950.99 effective immediately prior to the replacement of Megan's Law with the AWA.

{¶ 11} In the present case, appellant was convicted of a first-degree felony for rape in 1985. Later, appellant was classified as a sexual predator under Megan's Law in 1998. As such, appellant should have been sentenced under the former R.C. 2950.99 pursuant to the Ohio Supreme Court's decision in *Howard*. Under former R.C. 2950.99, failure to register as a sex offender based on an underlying conviction of a first-degree felony is a third-degree felony and not a first-degree felony. Accordingly, the trial court erred in sentencing appellant under current R.C. 2950.99 rather than former R.C. 2950.99. We therefore reverse appellant's sentence and remand the case to the trial court for resentencing as a third-degree felony.

{¶ 12} Appellant's sole assignment of error is well-taken and sustained.

{¶ 13} Judgment reversed and remanded.

HENDRICKSON, P.J., and PIPER, J., concur.