[Cite as *State v. Graves*, **2014-Ohio-1915**.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RAYMOND GRAVES | : | Case No. 13-COA-032 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland
                             County Court of Common Pleas,
                             Case No. 08-CRI-042

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            May 5, 2014

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHRISTOPHER R. TUNNELL                 ERIN N. POPLAR
Ashland County Prosecutor              DANIEL D. MASON
                                       Poplar & Mason, LLC
By: PAUL T. LANGE                      103 Milan Ave., Suite 6
Assistant Prosecuting Attorney         Amherst, OH 44001
110 Cottage Street, Third Floor
Ashland, OH 44805

*Baldwin, J.*

{¶1}    Appellant Raymond Graves appeals a judgment of the Ashland County Common Pleas Court resentencing him to thirty-six months incarceration for a 2008 conviction of failure to register notice of a change of address (R.C. 2950.05(E)(1)). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    In 1985, appellant was convicted of four counts of rape. Upon his release from prison in 2003, appellant was classified a sexually oriented offender, which required him to register his address for a period of ten years with the sheriff's office in any county in which he resided. On August 16, 2006, and again on August 16, 2007, appellant registered his address with the Ashland County Sheriff's Department.

{¶3}    In October of 2007, Ashland County Sheriff's Capt. Carl Richert, who is responsible for sex offender registration in the county, learned that appellant's home at 348 Country Rd. 281, Sullivan, Ohio, was in foreclosure and scheduled to be sold at a sheriff's sale. Capt. Richert sent appellant a certified letter in January, 2008, advising him he needed to re-register by January 30, 2008. The letter was returned unclaimed. Sometime following the return of the letter, the captain went to appellant's residence, but found no one there and the house vacant. On January 30, 2008, after the sheriff's sale had occurred, Capt. Terry Hamilton proceeded to appellant's home to determine whether he had vacated the residence. Outside the home, Capt. Hamilton spoke with appellant who informed the officer that he had already moved out of the residence. After Capt. Hamilton advised Capt. Richert of appellant's status, Capt. Richert made several visits to

appellant's home. On each occasion, Capt. Richert found no signs indicating anyone was living in the residence.

{¶4} In early 2008, Michelle Lamb and her husband purchased appellant's home at a sheriff's sale. When the Lambs visited the home in February, 2008, they found no signs of anyone living in the house. The couple took possession of the home on March 25, 2008, and spent the next couple of weeks working on the interior of the home. Michelle Lamb never observed any signs someone was living in the home.

{¶5} Appellant never registered a change of address with the Ashland County Sheriff's Office. As a result, the Ashland County Grand Jury indicted Appellant on one count of failure to register change of address, in violation of R.C. 2950.05(F)(1), a felony of the first degree. The matter proceeded to jury trial on June 17, 2008. After hearing all the evidence and deliberations, the jury found Appellant guilty as charged. The trial court ordered a presentence report and deferred sentencing. The trial court conducted a sentencing hearing on September 8, 2008, and ordered Appellant to serve a three year term of incarceration. This court affirmed the conviction on appeal. *State v. Graves*, 5th Dist. Ashland No. 08-COA-034, 2009-Ohio-2976.

{¶6} Appellant was released from prison in April of 2011, and placed on post-release control for five years. Following the Ohio Supreme Court's decision in *State v. Howard*, 134 Ohio St.3d 467, 983 N.E.2d 341, 2012-Ohio-5738, appellant filed a motion to correct an illegal sentence, arguing that the application of *Howard* to appellant's case made him guilty of a felony of the third degree, rather than a felony of the first degree. The court held a re-sentencing hearing on the instant case. At the same hearing,

appellant was sentenced for a 2013 conviction of failure to register a change in address, which he has appealed in Ashland App. No. 13-COA-033.

{¶7} The trial court re-sentenced appellant to a term of thirty-six months incarceration, giving him credit for thirty-six months already served. Appellant assigns three errors:

{¶8} "I.   THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE.

{¶9} "II.  THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE IN PRISON IMPOSING AN UNNCESSARY BURDEN ON STATE AND LOCAL RESOURCES.

{¶10} "III.   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

I.

{¶11} Appellant argues that the court erred in imposing the maximum sentence of thirty-six months.

{¶12} The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first step is satisfied, the second step requires that the trial court's decision be reviewed under an

abuse of discretion standard. *Id.* An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.* at ¶19.

{¶13} R.C. 2929.12 sets forth the factors the court is to consider in felony sentencing:

{¶14} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶15} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

{¶16} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

{¶17} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶18}    "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

{¶19}    "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶20}    "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

{¶21}    "(6) The offender's relationship with the victim facilitated the offense.

{¶22}    "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

{¶23}    "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

{¶24}    "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

{¶25}    "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

{¶26}    "(1) The victim induced or facilitated the offense.

{¶27} "(2) In committing the offense, the offender acted under strong provocation.

{¶28} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

{¶29} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶30} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

{¶31} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

{¶32} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

{¶33} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

{¶34}    "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

{¶35}    "(5) The offender shows no genuine remorse for the offense.

{¶36}    "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

{¶37}    "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

{¶38}    "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

{¶39}    "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

{¶40}    "(4) The offense was committed under circumstances not likely to recur.

{¶41}    "(5) The offender shows genuine remorse for the offense."

{¶42}    The trial court's sentencing entry states that the court fully considered the provisions of Revised Code Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation report, and the information furnished by the parties.  Appellant was convicted of four counts of rape in 1985, and while in prison, was convicted of assault for attacking a prison guard.  At the sentencing hearing, appellant expressed no remorse for his conduct, continuing to maintain his

innocence.   The record does not reflect that the trial court abused its discretion in sentencing appellant to thirty-six months incarceration.

II.

{¶43}   In his second assignment of error, appellant argues that imposition of a prison sentence in this case imposes and unnecessary burden on state or local government resources.

{¶44}   R.C. 2929.11(A) provides:

{¶45}   "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶46}   As we noted in *State v. Ferenbaugh,* 5th Dist. Ashland No. 03COA038, 2004–Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist. Ashland No.2008–COA036, 2009–Ohio–3105, this Court reviewed a similar claim. We found that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and

recidivism factors. *Shull,* at paragraph 22, citing *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶47}   Appellant raised this assignment of error in his first appeal in the instant case, and we rejected his argument, stating:

{¶48}   "The record sub judice is devoid of any evidence to support the claim of an 'unnecessary burden on the state or local government resources.' We find the trial court's imposition of a prison term was appropriate in this matter and does not impose an unnecessary burden on state or local resources." *Graves*, *supra*, at ¶19.

{¶49}   The record from the resentencing is equally devoid of any evidence to support appellant's claim, and he further has been given credit for time served for the entire thirty-six month sentence.  Therefore, the court's prison sentence did not impose any additional burden on state or local resources.

{¶50}   The second assignment of error is overruled.

III.

{¶51}   In his final assignment of error, appellant argues that counsel was ineffective for filing the motion to correct an illegal sentence.

{¶52}   A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley* , 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  In other words, appellant must show that counsel's conduct so undermined

the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id.*

{¶53}   Counsel's motion resulted in appellant being resentenced for a third degree felony as opposed to a first degree felony.  Appellant has not demonstrated how he was prejudiced by the filing of the motion, as the result inured to his benefit.

{¶54}   The third assignment of error is overruled.  The judgment of the Ashland County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.