[Cite as *State v. Graves*, 2014-Ohio-2030.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RAYMOND GRAVES | : | Case No. 13-COA-033 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County Court of Common Pleas, Case No. 13-CRI-019

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 12, 2014

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor

By: PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, OH 44805

For Defendant-Appellant

ERIN N. POPLAR
DANIEL D. MASON
Poplar & Mason, LLC
103 Milan Ave., Suite 6
Amherst, OH 44001

*Baldwin, J.*

{¶1} Appellant Raymond Graves appeals a judgment of the Ashland County Common Pleas Court convicting him of failure to register notice of a change of address (R.C. 2950.05(E)(1)) and sentencing him to thirty-six months incarceration. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2} Appellant was convicted of four counts of rape in 1985. He was released from prison in August, 2003, and notified of his duty to register as a sex offender.

{¶3} In April of 2011, appellant began living in a trailer owned by his employer, Thomas Butler. Appellant registered this address with the Ashland County Sheriff's Department. Appellant moved out of the trailer in December of 2011, without notifying the Sheriff's Department.

{¶4} In March of 2012, Deputy Randy Wood learned that appellant had changed his address. Dep. Wood and the Adult Parole Authority searched for appellant for several weeks. Appellant was arrested in April, 2012, for violating the conditions of his post-release control. Appellant admitted to his supervising officer and to Dep. Wood that he had changed his residence address.

{¶5} Appellant was indicted by the Ashland County Grand Jury on May 24, 2012, for failure to register notice of a change of address. His attorney moved to dismiss the indictment in that case on the authority of *State v. Howard*, 134 Ohio St.3d 467, 983 N.E.2d 341, 2012-Ohio-5738. The State dismissed the 2012 indictment and presented the case to the Ashland County Grand Jury a second time.

{¶6}   Appellant was again indicted on one count of failure to register notice of a change of address on February 21, 2013.   The case proceeded to jury trial in the Ashland County Common Pleas Court.   Appellant was convicted as charged and sentenced to thirty-six months incarceration. He assigns two errors on appeal:

{¶7}   "I.   THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE.

{¶8}   "II.   THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE IN PRISON IMPOSING AN UNNCESSARY BURDEN ON STATE AND LOCAL RESOURCES."[1]

I.

{¶9}   In his first assignment of error, appellant argues that the court erred in sentencing him to the maximum sentence.   He argues that between his release from prison in 2003 and 2008, he was not charged with any crime and thus lived a law-abiding life for five years.   He argues that his 2008 and 2013 convictions for failing to register are victimless crimes, and there is no indication that he acted in a sexually inappropriate way with any person following his 1985 rape convictions.   He argues that the facts of this case do not warrant the maximum sentence.

{¶10}   The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the

---

[1] Appellant's third assignment of error, arguing that he was denied the effective assistance of counsel, was withdrawn in his reply brief.  Accordingly, we will not address this assignment of error.

sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first step is satisfied, the second step requires that the trial court's decision be reviewed under an abuse of discretion standard. *Id.* An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.* at ¶19.

{¶11} R.C. 2929.12 sets forth the factors the court is to consider in felony sentencing:

{¶12} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶13} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

{¶14} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

{¶15} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶16} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

{¶17} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶18} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

{¶19} "(6) The offender's relationship with the victim facilitated the offense.

{¶20} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

{¶21} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

{¶22} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

{¶23} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

{¶24} "(1) The victim induced or facilitated the offense.

{¶25} "(2) In committing the offense, the offender acted under strong provocation.

{¶26} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

{¶27} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶28} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

{¶29} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

{¶30} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

{¶31} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

{¶32} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

{¶33} "(5) The offender shows no genuine remorse for the offense.

{¶34} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

{¶35} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

{¶36} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

{¶37} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

{¶38} "(4) The offense was committed under circumstances not likely to recur.

{¶39} "(5) The offender shows genuine remorse for the offense."

{¶40} The trial court's sentencing entry states that the court fully considered the provision of Revised Code Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation report, and the information furnished by the parties. Appellant was convicted of four counts of rape in 1985, and while in prison, was convicted of assault for attacking a prison guard. Appellant was convicted of failure to register a change of address in 2008, and sentenced to three years in prison. He was released in April of 2011, and by the end of that year appellant had committed the same crime a second time. Appellant expressed no remorse and continued to maintain at his sentencing hearing that he was innocent of this crime, and he was innocent in 2008. The trial court did not abuse its discretion in sentencing appellant to the maximum sentence of thirty-six months.

{¶41} The first assignment of error is overruled.

II.

{¶42} In his second assignment of error, appellant argues that imposition of a prison sentence in this case imposes and unnecessary burden on state or local government resources.

{¶43} R.C. 2929.11(A) provides:

{¶44} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government

resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶45} As we noted in *State v. Ferenbaugh,* 5th Dist. Ashland No. 03COA038, 2004–Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* 5th Dist. Ashland No.2008–COA036, 2009–Ohio–3105, this Court reviewed a similar claim. We found that, although burdens on State resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors. *Shull,* at paragraph 22, citing *State v. Ober,* 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶46} Appellant was convicted of four counts of rape in 1985, and while in prison, was convicted of assault for attacking a prison guard. Appellant was convicted of failure to register a change of address in 2008, and sentenced to three years in prison. He was released in April of 2011, and by the end of that year appellant had committed the same crime a second time. Appellant expressed no remorse and continued to maintain at his sentencing hearing that he was innocent of this crime, and he was innocent in 2008. A prison sentence in the instant case is not an unnecessary burden on state or local government resources.

{¶47} The second assignment of error is overruled. The judgment of the Ashland County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.